24618. SHELDON & CO. *v.* EMORY UNIVERSITY, trustee.

DECIDED FEBRUARY 18, 1936.

*Walter S. Dillon, Ralph R. Quillian,* for plaintiff.

*Tye, Thomson & Tye, R. A. Edmondson Jr., E. L. Sterne,* for defendant.

BROYLES, C. J. E. H. Sheldon & Company brought suit against Emory University, as trustee of Emory Junior College. The petition as amended alleged, in substance, that certain citizens of Valdosta approached the authorities of Emory University with a proposal to build and equip a college in the event Emory University would take over the college and operate it as a branch of Emory University when the college had been completed, equipped, and endowed; that these citizens "constituted the finance committee for said undertaking;" that the results of the negotiations were that upon certain conditions Emory University would take over the proposed college at Valdosta when and if the conditions were met. Among the conditions imposed upon said committee by Emory

University was one to the effect that when the properties should be delivered to Emory University the college would be provided with furniture and equipment for the college building. As a further condition, an endowment fund of $200,000 was to be raised and turned over to Emory University for the operation of said Valdosta college which was to be known as Emory Junior College. In order to carry out the terms of the agreement with Emory University, another committee known as the building committee was constituted. These two committees, acting as trustees, undertook to raise funds to purchase the real estate, erect and equip the structures, and endow said college, and did raise funds by loans and subscriptions. As a result of their activities, approximately 40 acres of land were acquired as a site for the proposed college, and title to said land was taken in the name of Ashley Trust Company and A. G. Strickland, and was held by them as trustees. Such funds procured and property purchased constituted a trust estate. The committees contracted with a firm of architects, Ivey and Crook, for services including the purchase of the necessary equipment to enable the college to function; and the architects, acting under said authority, purchased from petitioner the equipment, payment for which this suit is brought, an itemized statement of the account being attached to the petition as an exhibit. It is alleged that "said college is now using said equipment;" that "Ashley Trust Company and A. G. Strickland, trustees, did, on the 21st day of May, 1928, convey to Emory University, defendant herein named, by fee-simple deed, all of the property owned by said trustees as aforesaid; and at the same time the trustees delivered to the said Emory University the sum of $200,000 in cash as an endowment fund to be used by Emory University in furtherance of the purpose of the said Junior College; . . that said conveyance of said trust estate to Emory University placed fee-simple title to said trust property in the defendant herein, and that the said defendant is now holding the said funds and property as a trust fund and trust property dedicated to educational purposes under the provisions of the original agreement between the said Emory University and the said finance committee;" that the advancement of education is of the essence of the trust; that there had been an assignment or attempted assignment of certain uncollected subscriptions for the purpose of securing the payment of a loan made to the said trust estate by A. G. Strickland; that Strick-

land also holds obligations of the City of Valdosta to repay the loan made by him, and petitioner is left without access to either of said sources for the payment of its indebtedness; that petitioner's claim is against the trust estate; and that it is entitled to have judgment against Emory University in its representative capacity as trustee, and to have its indebtedness paid from the trust property hereinbefore described.

Emory University demurred, "because the said petition sets forth no cause of action in favor of the plaintiff against this defendant," and "because it appears from the allegations of said petition that plaintiff sold its goods on credit and without any security to the defendant's predecesors in title, and is therefore simply an unsecured creditor of the parties to whom the goods were sold, and has no claim of lien or equity of any sort as against this defendant or as against the property conveyed to this defendant." The court sustained the demurrer and dismissed the case, and on this judgment the plaintiff assigns error.

The allegations that the property conveyed to Emory University constitutes a trust estate, and that Emory University is trustee of Emory Junior College, are purely conclusions of the pleader, and are not supported by the pleaded facts. Neither is there anything in the petition to show that Emory University ever owned, controlled, or had in its possession the uncollected subscriptions alleged to have been assigned to Strickland to secure a loan. On the contrary, the petition distinctly shows that the committee of citizens of Valdosta, known as the finance committee, agreed to provide furniture and equipment for the college building, and that the finance committee and the building committee authorized the architects Ivey and Crook to buy the equipment. Briefly, the petition shows that certain citizens of Valdosta wished to have a college in their town. To this end they negotiated with the authorities of Emory University. Emory University told them that if they would meet certain requirements, including the equipping of the college, Emory University would take over and operate the college at Valdosta. This was agreed upon, and in compliance therewith the citizens of Valdosta proceeded to acquire the site and to construct and equip the building, the equipment purchased from the plaintiff being part of the undertaking. It will thus be seen that the equipment was purchased by the Valdosta citizens, and there is

nothing in the petition to show that Emory University had anything whatever to do with the purchase of the equipment or assumed any obligation to pay therefor. So far as the petition shows, the plaintiff sold the equipment to the Valdosta committees, and is merely an unsecured creditor of the Valdosta committees. After the committees had met the requirements of the authorities of Emory University, they conveyed the property in fee simple to Emory University, and at the same time delivered the endowment fund to Emory University, which was the purchaser of the property, and there was a valuable consideration therefor flowing to the citizens of Valdosta. Emory University agreed to operate the college in Valdosta, and the City of Valdosta and every business in that city was benefited to some extent by virtue of the college being located there, not only from an educational and civic standpoint, but also financially, as the students and relatives visiting students necessarily spent money in the city. In Stanley *v.* Schwalby, 162 U. S. 255, 276 (16 Sup. Ct. 754, 40 L. ed. 960), the court said: "A valuable consideration may be other than the actual payment of money, and may consist of acts to be done after the conveyance. . . The advantage enuring to the City of San Antonio from the establishment of the military headquarters there was clearly a valuable consideration for the deed of the city to the United States." In the instant case "the acts to be done after the conveyance" were the employment of professors and the operation of the college. And not only did a benefit accrue to the citizens of Valdosta, but the obligation to operate the college, with possibility of loss, was incurred by Emory University. See Code of 1933, §§ 20-301, 20-304. There was a valuable consideration to support the purchase and sale of the property to Emory University.

The facts pleaded do not show that Emory University was a successor in trust of the citizens committees of Valdosta. Title to the land acquired was taken in the name of Ashley Trust Company and A. G. Strickland as trustees, and was conveyed by them in fee simple to Emory University. Assuming that all properties of every kind acquired by the Valdosta citizens were in trust, the trust was merely for the purpose of building and equipping the structure and raising the endowment fund; and when this was done and delivery to Emory University was made, the trust ceased, and therefore there could not be a successor to this trust. The plaintiff's

contention that it is "pursuing the trustee in accordance with sections 108-501, 108-502, 108-503 and 108-505" of the Code of 1933, is untenable. The fact that "any person having a claim against any trust estate for services rendered to said estate" may collect the claim in a court of law by no means shows that this is a trust estate in the hands of Emory University, or that the plaintiff rendered any service to a trust estate of Emory University.

The contention that "the goods were furnished pursuant to an arrangement in which Emory University was a party, which included the employment of Ivey and Crook" is in direct conflict with the allegations of the petition. The petition shows that "the said committees [finance committee and building committee of citizens of Valdosta] or their representatives entered into a contract with a firm of architects of the City of Atlanta and the State of Georgia, known as Ivey & Crook. They conferred upon these architects the functions of making plans for the building or buildings to be erected . . and purchasing the necessary equipment to enable said college to function as an educational institution. The said Ivey & Crook, acting under such authority [of the committees of Valdosta citizens], purchased from your petitioner certain equipment" for the purchase-price of which this suit is brought. The plaintiff contends, "even though it should be determined that defendant is not a successor trustee, that nevertheless defendant is liable on its implied promise to pay for goods which were furnished for its use and benefit." This contention is without merit. The goods were not furnished to Emory University. They were furnished to the Valdosta citizens committees and bought by the Valdosta citizens' committees, who assumed the duty of equipping the structure in order to get Emory University to operate the college in Valdosta. Ivey & Crook were representing the Valdosta committees, and not Emory University, in buying the goods; and there is nothing in the petition to show that Emory University made any contract with plaintiff, implied or otherwise. Moreover, the suit is for the invoice price of the goods under an express contract, and not for the value of the property.

A reasonable construction of the petition shows that the plaintiff sold its goods, without any retention of title, to the citizens committees of Valdosta on a credit basis. This being true, the committees could and did convey a good and complete title to the

purchaser, Emory University, without the same being subject to any lien or prior title, and without being impressed with any trust. See *Mashburn* v. *Dannenberg,* 117 *Ga.* 567 (4) (44 S. E. 97).

The court properly sustained the demurrer to the petition:

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*